(No. 716—Claimant awarded $750.00.)

VIOLA SMITH MONDHINK, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*State not liable. State Hospital Jacksonville.*
The State is not liable for injuries sustained by its employees while in the
performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* When it appears that
claimant at the time of the injury was engaged in a hazardous employment,
the court may enter an award to her as an act of social justice and equity.

WORKMAN'S COMPENSATION ACT—*may be basis of award.* The rules and
regulations of the Workman's Compensation Act may be taken into consider-
ation in fixing compensation awarded to claimant.

FRANK M. RAMEY, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON,
Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court on a declaration filed by
Viola Smith Mondhink, claimant, which alleges that on July
24, 1922, claimant was in the employ of a certain institution,
in the possession of, and operated by the State of Illinois,
known as the Jacksonville State Hospital, located at Jackson-
ville, Illinois, which institution was managed and controlled
for the purpose of caring for certain insane persons of the
State of Illinois, and among said insane persons there was a
certain patient named Fern Cameron, who was a dangerous
charge of said institution; that on said day she was unmar-
ried, her name at that time being Viola Smith, that she after-
wards, on October, 1922, married Mr. Perley Mondhink; that
on the date first above mentioned she was employed by the
State as a nurse in said institution, and that as such it was
her duty to work in and about what is known as the "Hydro
Room" at said institution; that while she was engaged in
what is known as "packing" certain patients of said institu-
tion, said Fern Cameron attacked claimant, and struck her
over the head with a stone water pitcher and hit her about
the face and head with such force as to break said water
pitcher; and also struck her a violent blow on the left forearm,
causing a severe cut and wound to the plaintiff on the left
fore-arm, the scar being of about three inches in length; that
she was confined in a hospital for about three weeks, and that

she has undergone great pain and become highly nervous as a result of said attack.

The demurrer filed by the Attorney General of the State of Illinois is allowed, as a matter of law.

. The testimony of claimant, and that of her physician, Dr. Z. V. Kimball, also the testimony of Dr. Thomas G. McLin, assistant managing officer, Dr. H. A. Chapin, and Dr. Trippeer, has been carefully examined, and while there is no liability on the part of the State of Illinois to make an award in this case, as a matter of social justice and equity, we feel that an award should be made, owing to the fact that claimant was injured while in the employ of the State, and that the compensation should be figured according to the rules and regulations practiced under the Workmen's Compensation Act and we accordingly award to said claimant the sum of $750.00.